[908 NYS2d 202]

In the Matter of STEVEN BRUCE ABRAMS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 24, 2010

### APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Bruce R. Thaw*, Farmingdale, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated April 28, 2009, containing three charges of professional misconduct. After a preliminary conference on September 29, 2009, and a hearing on December 8, 2009, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to confirm the findings of the Special Referee with the exception of the Special Referee's rejection of certain mitigating factors presented by the respondent, and to impose such discipline as the Court deems just and proper.

Charge one alleges that the respondent violated his fiduciary obligations by misappropriating client funds when he withdrew funds from his attorney trust account for personal use, without the consent of the necessary parties, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

In or about November 2002, the respondent represented Gail Block in the sale of her cooperative apartment in Forest Hills. No written retainer agreement was entered into. In the course of that representation, the respondent was entrusted, as fiduciary, with a check in the sum of $10,000 payable to "Steven Abrams As Attorney," as the down payment to be held in escrow until proper disbursement. The down payment was deposited in the respondent's attorney trust account on November 6, 2002 (date as amended at the preliminary conference), and a contract of sale was entered into.

By letter dated February 14, 2003, the respondent advised the purchaser's counsel that the seller was holding the purchaser in default of the contract of sale and retaining the deposit as dam-

ages. By letter dated February 27, 2003, the purchaser's counsel advised the respondent that the purchaser would have to cancel the contract, and requested return of the down payment to the purchaser's attorney. The respondent failed to comply.

By letter dated March 25, 2003, a paralegal in the office of the purchaser's counsel requested the immediate return of the down payment. The respondent failed to comply.

By letter dated April 29, 2003, the purchaser's counsel directed the respondent, pursuant to the contract of sale, not to release the down payment to the seller. By letter dated September 25, 2003, the purchaser's counsel requested that the respondent confirm that the down payment was still being maintained in the respondent's attorney trust account and had not been released to the seller.

By summons and complaint dated September 30, 2003, the purchaser commenced an action against the respondent and his client, the seller, in the Supreme Court, Queens County, for a judgment in the sum of $10,000 or, in the alternative, for an order directing the respondent to release the down payment to the plaintiff/purchaser. While that action was pending, the respondent disbursed funds from the down payment held in escrow in his attorney trust account as follows: a check dated December 10, 2003, payable to the respondent in the amount of $2,500; a check dated January 20, 2004, payable to the respondent in the amount of $2,500; a check dated February 6, 2004, payable to the respondent in the amount of $2,500; a check dated July 6, 2004, payable to the respondent in the amount of $2,000; and a check dated September 8, 2004, payable to the respondent in the amount of $400. The respondent withdrew the remaining $100 of the down payment on an unknown date.

On December 16, 2008, the respondent testified that he disbursed those funds from his attorney trust account to himself for legal fees related to his representation of the seller. He did not have authorization from any court, the purchaser, or the purchaser's attorney to so disburse the funds. Nor did the respondent have specific authorization from his client, the seller, to so disburse the funds. He did not advise his client that he was disbursing the funds.

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to comply with a court order in a timely manner, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual specifications of charge one.

The Supreme Court action referred to above was transferred to the Civil Court, Queens County. By decision and order dated January 6, 2006, the court (Siegal, J.) awarded a judgment in the sum of $10,000, with interest from March 25, 2003, against the respondent and his client. Although the respondent was aware of that decision and order in or about May 2007, he did not satisfy the judgment until approximately January 2, 2008, when his counsel issued a check payable to the purchaser in the amount of $15,937.83.

Charge three alleges that the respondent failed to adhere to his bookkeeping duties by failing to maintain for seven years required records for his attorney trust account with respect to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (d) (1), (8) (22 NYCRR 1200.46 [d] [1], [8]).

The respondent maintained an escrow account at Chase Bank entitled "IOLA-STEVEN B. ABRAMS ATTY" since 2005. He used that account incident to his practice of law and deposited client funds therein. During that time, the respondent failed to maintain all cancelled checks, bank statements, and deposit tickets for the account.

Based on the respondent's admissions and the uncontroverted evidence, the Special Referee properly sustained all three charges. The Grievance Committee's motion to confirm, and the respondent's cross motion, to the extent that it seeks to confirm the Special Referee's findings regarding the charges, are granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has a disciplinary history consisting of an admonition issued on October 6, 2008, for failing to timely reregister with the Office of Court Administration and failing to cooperate with the Grievance Committee; an admonition issued on December 30, 2005, for failing to cooperate with investigations by the Nassau County Bar Association and the Grievance Committee; an admonition issued on March 16, 2005, for failing to cooperate with the Grievance Committee, and a letter of caution of that same date warning the respondent to maintain adequate communication with clients and to be guided by Code of Professional Responsibility EC 2-19 regarding the benefits of reducing fee agreements to a written document; an admonition issued on March 16, 2005, for neglecting a legal matter and failing to cooperate with the Grievance Committee; and a letter of caution issued on April 22, 2004, advising the respondent to comply with his duty to register as an attorney.

The mitigating factors include the respondent's acceptance of full responsibility for his actions, his deep remorse, and his having made full restitution to the purchaser, including the payment of interest. The respondent further asks the Court to take into consideration his full cooperation with the Grievance Committee, the severe and distracting personal issues which beset him during the relevant time period, and the absence of any complaint from his client, although she was aware of the proceeding.

The Special Referee rejected the respondent's misinterpretation of the contract as a mitigating factor. As noted by the Special Referee, misinterpretation of a contract of sale does not justify the respondent's disbursement of the contract deposit from an attorney trust account to himself. Significantly, the respondent withdrew the funds from his trust account in installments over a period of time without proper permission and while litigation was pending.

Balancing the respondent's significant disciplinary history, the fact that his misconduct involved more than merely technical violations, and the mitigation advanced, in particular, his full cooperation with the Grievance Committee, his expressed remorse, that he made full restitution, and the absence of a client complaint, we conclude that the respondent should be suspended from the practice of law for a period of two years.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BELEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that the findings of the Special Referee are confirmed, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Steven Bruce Abrams, is suspended from the practice of law for a period of two years commencing September 23, 2010, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the applicable continuing legal educa-

tion requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Steven Bruce Abrams, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven Bruce Abrams, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).